UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LISA VITTETOE, individually, and as Next of Kin of Jason Adam Myers, deceased, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:17-cv-397-PLR-HBG |
| BLOUNT COUNTY, TENNESSEE, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion for Protective order to Hold Discovery in Abeyance [Doc. 7] and the Plaintiff's Motion to Expedite Discovery [Doc. 14]. Accordingly, for the reasons more fully explained below, both Motions [**Docs. 7 and 14**] are **GRANTED IN PART AND DENIED IN PART**.

### I. POSITIONS OF THE PARTIES

Defendants Blount County, Tennessee, and Blount County, Tennessee Sheriff's Office request to hold discovery in abeyance. For grounds, the Motion states that the Plaintiff served voluminous discovery, including Interrogatories, Requests for Production, and Requests for Admission on Defendant Blount County on September 18, 2017, and on the Sheriff's Office on September 14, 2017. The Defendants state that to date, all the parties have not been served and no conference under Rule 26(f) has been conducted. The Defendants assert that discovery is not authorized by the Federal Rules of Civil Procedure.

1

The Plaintiff filed a Response [Doc. 15] in opposition to the Motion. The Plaintiff states that this is a case where discovery is obviously needed before the Rule 26(f) conference and that the Defendants are abusing their duty under Federal Rule of Civil Procedure 1. The Plaintiff states that Officer Atkins, who is allegedly misnomered in the Complaint, has refused service. The Plaintiff states that she is entitled to take discovery to identify the proper name of the officer/agent. The Plaintiff states that the discovery requests are in the least burdensome form possible. Further, the Plaintiff asserts that Requests for Admission are not discovery and are not limited by Federal Rule of Civil Procedure 26(d).

The Defendants filed a Supplement and Amendment [Doc. 17] to the Motion, stating that the only factual allegation cited in support of Plaintiff's showing of good cause for expedited discovery is that the Plaintiff incorrectly named the corrections officer at Blount County Sheriff's Office. The Defendants state that they are unsure at this time if the individual officer actually refused service of process or simply advised that he was not Matthew Adkins. The Defendants continue that, regardless, they reviewed their file and gave the Plaintiff the correct name of the corrections officer. They also faxed and emailed the correct name to the Plaintiff. The Defendants assert that regardless of whether the Requests for Admission are considered discovery, they do not have sufficient time to review all the relevant facts and circumstances surrounding the Plaintiff's claim and to respond properly. The Defendants state that the allegations in this case are particularly fact intensive and that the Tennessee Bureau of Investigation ("TBI") investigated the circumstances surrounding Mr. Myers's death. The Defendants explain that under Tennessee law, TBI files are considered confidential and the only way to obtain them is to issue a subpoena. The Defendants have issued a subpoena and are waiting for TBI to comply.

Finally, the Plaintiff filed a Motion to Expedite Discovery [Doc. 14]. In the Motion, the Plaintiff incorporates her response to the Defendants' Motion for Protective Order and states that she is filing the Motion "to the extent any separate motion is necessary."

## II. ANALYSIS

Federal Rule of Civil Procedures 26(d)(1) provides, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(1)(B), or when authorized by these rules, by stipulation, or by court order." Expedited discovery may be granted upon a showing of good cause. *Best v. Mobile Streams, Inc.*, No. 1:12-CV-564, 2012 WL 5996222, at *1 (S.D. Ohio Nov. 30, 2012). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.*

In this case, the Plaintiff states that she is entitled to take discovery to identify the proper name of the officer/agent of Defendant. The Court has reviewed the discovery requests and finds that they go well-beyond seeking the identity of an officer. To the extent that the Defendants have not identified the names of the officers involved in the detainment of Mr. Meyers, the Defendants are ordered to provide a list of names to the Plaintiff within fourteen days of entry of this Memorandum and Order.

Further, the Court disagrees with the Plaintiff's argument that Requests for Admissions are not discovery requests. *See Long v. Alcoa, Inc.*, No: 3:09-cv-547, 2010 WL 3338559, at *3 (E.D. Tenn. Aug. 24, 2010) (explaining that the parties had not yet conducted a Rule 26(f) conference and that any requests for discovery—which includes requests for admissions under Rule 26 of the Federal Rules of Civil Procedure—were premature and cannot support a motion for summary judgment). Accordingly, discovery in this matter will not commence until the parties have

conferred pursuant to Rule 26(f). With the exception noted above, neither party shall seek discovery before the conference, nor is either party obligated to respond to outstanding discovery prior to the conference.

### III. CONCLUSION

Accordingly, for the reasons explained above, the Defendants' Motion for Protective Order to Hold Discovery in Abeyance [**Doc. 7**] is **GRANTED IN PART AND DENIED IN PART** and the Plaintiff's Motion for Expedited Discovery [**Doc. 14**] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

ENTER:

*Bruce Guyton*
United States Magistrate Judge